## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2004 OCT 22 PM 2: 56

TX EASTERN-BEAUMONT

BY Adele McMullin

Shirley Ross Goss and wife, Shirley Sue
Goss, Harold Brunson and wife, Mona P.
Brunson, Eddie W. Blankenstein and wife,
Martha Blankenstein, Gordon Leigh
Brown and wife, Gloria Mae Brown,
Willard Michael Burton and wife, Joyce
Burton, Weldon James Broussard, Sr. and
wife, Charlotte Broussard, Walter Ladoice
Delcambre, Jr. and wife, Francis
Delcambre, Nelson Flowers and wife,
Mildred Flowers, Richard Gibson and
wife, Carolyn Gibson, Jerry Hodgkinson
and wife, Mary Ann Hodgkinson, Don
Hairston and wife, Gail Hairston,
Talmage H. Hargis and wife, Jo N. Hargis,
Elvis Lionell Hubert, Sr. and wife, Liddie
Hubert, Wayne Hebert and wife, Carolyn
Hebert, Henry T. Lazenby, Jimmy
Burgess Pullen and wife, Patricia Ann
Pullen, Don Peters and wife, Patsy Peters,
W. L. Pinder and wife, Omega Pinder,
Howard Percle and wife, Nancy Percle,
Johnny Rainwater and wife, Dorothy
Rainwater, Judy L. Swift, Regina A.
Smith William Simar and wife, Rose
Simar, Ralph J. Savoie, John A. Sikes
and wife, Margaret Sikes, James M.
Taylor and wife, Phyllis L. Taylor,
Billy Tubbleville and wife, Virginia
Tubbleville, Samuel O. Wallace and
wife, Bobbie Sue Wallace, Samuel White,
Jr. and wife, Frankie Mae White, Leon
Wallace and wife, Connie Wallace,
Roland M. Wolfford, Guy Crow and wife,
Billie Crow, Douglas W. Pence, Sr. and
wife, Vera Pence, Harry Guthrie and wife,
Beverly Guthrie, Kenneth Moreland
Roosevelt Davenport and wife, Rosie Lee
Davenport, Wiley L. Ayres and wife, Sue
Ayres, Fred Gauthreaux and wife,
Dorothy J. Gauthreaux, Glenn Lewis
Gobert and wife, Sheila Gobert, Joseph L.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

1:04CV0665

Judge Crone

Hargave, Jr. and wife, Annie G. Hargrave,  §
Monty L. Turley and wife, Jude Turley,  §
Ronald J. Burns and wife, Janice Burns,  §
Lanny Roy Wheat and wife, Lynda Wheat,  §
Dorwin DeWayne Miller and wife, Patricia  §
Ann Miller, Kerry E. Hogg and wife,  §
Johnnie HoGG  §
  §
        Plaintiffs,  §   **Civil Action No:** _____
  §
VS.  §
  §
FIRESTONE POLYMERS, L.L.C.,  §
BRIDGSTONE/FIRESTONE, INC.,  §
BRIDGESTONE/FIRESTONE  §
    AMERICAS HOLDING, INC.,  §   **Jury Trial Demanded**
THE FIRESTONE SYNTHETIC RUBBER  §
    AND LATEX COMPANY, and  §
FIRESTONE BENEFITS  §
    ADMINISTRATION,  §   **Injunctive Relief Requested**
  §
        Defendants.  §

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiffs, **SHIRLEY ROSS GOSS AND WIFE, SHIRLEY SUE GOSS, HAROLD BRUNSON AND WIFE, MONA P. BRUNSON, EDDIE W. BLANKENSTEIN AND WIFE, MARTHA BLANKENSTEIN, GORDON LEIGH BROWN AND WIFE, GLORIA MAE BROWN, WILLARD MICHAEL BURTON AND WIFE, JOYCE BURTON, WELDON JAMES BROUSSARD, SR. AND WIFE, CHARLOTTE BROUSSARD, WALTER LADOICE DELCAMBRE, JR. AND WIFE, FRANCIS DELCAMBRE, NELSON FLOWERS AND WIFE, MILDRED FLOWERS, RICHARD GIBSON AND WIFE, CAROLYN GIBSON, JERRY HODGKINSON AND WIFE, MARY ANN HODGKINSON, DON HAIRSTON AND WIFE, GAIL HAIRSTON, TALMAGE H. HARGIS AND**

WIFE, JO N. HARGIS, ELVIS LIONELL HUBERT, SR. AND WIFE, LIDDIE HUBERT, WAYNE HEBERT AND WIFE, CAROLYN HEBERT, HENRY T. LAZENBY, JIMMY BURGESS PULLEN AND WIFE, PATRICIA ANN PULLEN, DON PETERS AND WIFE, PATSY PETERS, W. L. PINDER AND WIFE, OMEGA PINDER, HOWARD PERCLE AND WIFE, NANCY PERCLE, JOHNNY RAINWATER AND WIFE, DOROTHY RAINWATER, JUDY L. SWIFT, REGINA A. SMITH, WILLIAM SIMAR AND WIFE, ROSE SIMAR, RALPH J. SAVOIE, JOHN A. SIKES AND WIFE, MARGARET SIKES, JAMES M. TAYLOR AND WIFE, PHYLLIS L. TAYLOR, BILLY TUBBLEVILLE AND WIFE, VIRGINIA TUBBLEVILLE, SAMUEL O. WALLACE AND WIFE, BOBBIE SUE WALLACE, SAMUEL WHITE, JR. AND WIFE, FRANKIE MAE WHITE, LEON WALLACE AND WIFE, CONNIE WALLACE, ROLAND M. WOLFFORD, GUY CROW AND WIFE, BILLIE CROW, DOUGLAS W. PENCE, SR. AND WIFE, VERA PENCE, HARRY GUTHRIE AND WIFE, BEVERLY GUTHRIE, KENNETH MORELAND, ROOSEVELT DAVENPORT AND WIFE, ROSIE LEE DAVENPORT, WILEY L. AYRES AND WIFE, SUE AYRES, FRED GAUTHREAUX AND WIFE, DOROTHY J. GAUTHREAUX, GLENN LEWIS GOBERT AND WIFE, SHEILA GOBERT, JOSEPH L. HARGAVE, JR. AND WIFE, ANNIE G. HARGRAVE, MONTY L. TURLEY AND WIFE, JUDE TURLEY, RONALD J. BURNS AND WIFE, JANICE BURNS, LANNY ROY WHEAT AND WIFE, LYNDA WHEAT, DORWIN DEWAYNE MILLER AND WIFE, PATRICIA ANN MILLER, AND KERRY E. HOGG AND WIFE, JOHNNIE HOGG, hereinafter referred to as plaintiffs, complaining of **FIRESTONE**

POLYMERS, L.L.C., BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC., THE FIRESTONE SYNTHETIC RUBBER AND LATEX COMPANY, THE FIRESTONE SYNTHETIC RUBBER AND LATEX COMPANY, AND BRIDGESTONE/FIRESTONE BENEFITS ADMINISTRATION, hereinafter all collectively referred to as "Defendants."

## I.
### Jurisdiction

1.     The jurisdiction of this court is invoked, and this action is instituted under the provisions of Section 1332(a) of Title 28, United Stated Code (28 U.S.C. 1332), as there is complete diversity of citizenship between Plaintiffs and Defendants.  The jurisdiction of this court is invoked, and this action is instituted under the provisions of ERISA §§ 502(a)(1)(B), 502(e), 29 U.S.C. §§ 1132(a)(1)(A) / (B), and 29 U.S.C. § 1132(e).

## II.
### Venue

2.     Venue is proper pursuant to 28 U.S.C. § 1391 and ERISA §§ 502(a)(1)(B), 502(e), 29 U.S.C. §§ 1132(a)(1)(A) / (B), 29 U.S.C. §1132(e).  Upon information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims and his injuries occurred in the Eastern District of Texas.

## III.
### Parties

3.     Plaintiffs, SHIRLEY ROSS GOSS AND WIFE, SHIRLEY SUE GOSS, is an individual person residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

4.     Plaintiffs, HAROLD BRUNSON AND WIFE, MONA P. BRUNSON, are individuals residing in Bridge City, Texas, and a retiree and/or beneficiary of one or more of the defendants.

5.     Plaintiffs, EDDIE   W.   BLANKENSTEIN   AND   WIFE,   MARTHA BLANKENSTEIN are individuals residing in Orange, Texas, and is a retiree of one or more of the defendants.

6.     Plaintiffs, GORDON LEIGH BROWN AND WIFE, GLORIA MAE BROWN are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

7.     Plaintiffs, WILLARD MICHAEL BURTON AND WIFE, JOYCE BURTON are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

8.     Plaintiffs, WELDON JAMES BROUSSARD, SR. AND WIFE, CHARLOTTE BROUSSARD are individuals residing in Groves, Texas, and a retiree and/or beneficiary of one or more of the defendants.

9.     Plaintiffs, WALTER LADOICE DELCAMBRE, JR. AND WIFE, FRANCIS DELCAMBRE are individuals residing in Bridge City, Texas, and a retiree and/or beneficiary of one or more of the defendants.

10.     Plaintiffs, NELSON FLOWERS AND WIFE, MILDRED FLOWERS are individuals residing in Bridge City, Texas, and a retiree and/or beneficiary of one or more of the defendants.

11. Plaintiffs, RICHARD GIBSON AND WIFE, CAROLYN GIBSON are individuals residing in Groves, Texas, and a retiree and/or beneficiary of one or more of the defendants.

12. Plaintiffs, JERRY HODGKINSON AND WIFE, MARY ANN HODGKINSON are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

13. Plaintiffs, DON HAIRSTON AND WIFE, GAIL HAIRSTON are individuals residing in Buna, Texas, and a retiree and/or beneficiary of one or more of the defendants.

14. Plaintiffs, TALMAGE H. HARGIS AND WIFE, JO N. HARGIS are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

15. Plaintiffs, ELVIS LIONELL HUBERT, SR. AND WIFE, LIDDIE are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

16. Plaintiffs, WAYNE HEBERT AND WIFE, CAROLYN HEBERT are individuals residing in Bridge City, Texas, and a retiree and/or beneficiary of one or more of the defendants.

17. Plaintiffs, HENRY T. LAZENBY is an individual residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

18. Plaintiffs, JIMMY BURGESS PULLEN AND WIFE, PATRICIA ANN PULLEN are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

19.     Plaintiffs, DON PETERS AND WIFE, PATSY PETERS are individuals residing in Bridge City, Texas, and a retiree and/or beneficiary of one or more of the defendants.

20.     Plaintiffs, W. L. PINDER AND WIFE, OMEGA PINDER are individuals residing in DeQuincy, La, and a retiree and/or beneficiary of one or more of the defendants.

21.     Plaintiffs, HOWARD PERCLE AND WIFE, NANCY PERCLE are individuals residing in Lake Charles, La, and a retiree and/or beneficiary of one or more of the defendants.

22.     Plaintiffs, JOHNNY RAINWATER AND WIFE, DOROTHY RAINWATER are individuals residing in Vidor, Texas, and a retiree and/or beneficiary of one or more of the defendants.

23.     Plaintiff, JUDY L. SWIFT is an individual person residing in Kountze, and a retiree and/or beneficiary of one or more of the defendants.

24.     Plaintiff, REGINA A. SMITH is an individual person residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

25.     Plaintiffs, WILLIAM SIMAR AND WIFE, ROSE SIMAR are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

26.     Plaintiff, RALPH J. SAVOIE is an individual person residing in Port Neches, Texas, and a retiree and/or beneficiary of one or more of the defendants.

27.     Plaintiffs, JOHN A. SIKES AND WIFE, MARGARET SIKES are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

28.     Plaintiffs, JAMES M. TAYLOR AND WIFE, PHYLLIS L. TAYLOR are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

29.     Plaintiffs, BILLY TUBBLEVILLE AND WIFE, VIRGINIA TUBBLEVILLE are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

30.     Plaintiffs, SAMUEL O. WALLACE AND WIFE, BOBBIE SUE WALLACE are individuals residing in Anahuac, Texas and a retiree and/or beneficiary of one or more of the defendants.

31.     Plaintiffs, SAMUEL WHITE, JR. AND WIFE, FRANKIE MAE WHITE are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

32.     Plaintiffs, LEON WALLACE AND WIFE, CONNIE WALLACE are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

33.     Plaintiff, ROLAND M. WOLFFORD is an individual person residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

34.     Plaintiffs, GUY CROW AND WIFE, BILLIE CROW are individuals residing in Woodville, Texas and a retiree and/or beneficiary of one or more of the defendants.

35.     Plaintiffs, DOUGLAS W. PENCE, SR. AND WIFE, VERA PENCE are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

36. Plaintiffs, HARRY GUTHRIE AND WIFE, BEVERLY GUTHRIE are individuals residing in Port Arthur, Texas and a retiree and/or beneficiary of one or more of the defendants.

37. Plaintiff, KENNETH MORELAND is an individual person residing in Sulphur, La and a retiree and/or beneficiary of one or more of the defendants.

38. Plaintiffs, ROOSEVELT DAVENPORT AND WIFE, ROSIE LEE DAVENPORT are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

39. Plaintiffs, WILEY L. AYRES AND WIFE, SUE AYRES are individuals residing in Orange, Texas, and a retiree and/or beneficiary of one or more of the defendants.

40. Plaintiffs, FRED GAUTHREAUX AND WIFE, DOROTHY J. GAUTHREAUX are individuals residing in Sulphur, La and a retiree and/or beneficiary of one or more of the defendants.

41. Plaintiffs, GLENN LEWIS GOBERT AND WIFE, SHEILA GOBERT are individuals residing in Bridge City, Texas and a retiree and/or beneficiary of one or more of the defendants.

42. Plaintiffs, JOSEPH L. HARGAVE, JR. AND WIFE, ANNIE G. HARGRAVE are individuals residing in Bridge City, Texas and a retiree and/or beneficiary of one or more of the defendants.

43. Plaintiffs, MONTY L. TURLEY AND WIFE, JUDE TURLEY are individuals residing in Orange, Texas and a retiree and/or beneficiary of one or more of the defendants.

44.    Plaintiffs, RONALD J. BURNS AND WIFE, JANICE BURNS are individuals residing in Orange, Texas and a retiree and/or beneficiary of one or more of the defendants.

45.    Plaintiffs, LANNY ROY WHEAT AND WIFE, LYNDA WHEAT are individuals residing in Orange, Texas and a retiree and/or beneficiary of one or more of the defendants.

46.    Plaintiffs, DORWIN DEWAYNE MILLER AND WIFE, PATRICIA ANN MILLER are individuals residing in Little Cypress, Texas and a retiree and/or beneficiary of one or more of the defendants.

47.    Plaintiffs, KERRY E. HOGG AND WIFE, JOHNNIE HOGG are individuals residing in Lufkin, Texas and a retiree and/or beneficiary of one or more of the defendants.

48.    Defendant, FIRESTONE POLYMERS, L.L.C., is a foreign corporation organized under the law of the State of Delaware and may be served with process by certified mail, return receipt requested, by serving its registered agent for service, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

49.    Defendant, BRIDGESTONE/FIRESTONE, INC., (hereinafter referred to as "Firestone") is a foreign corporation organized under the laws of the State of Ohio and may be served with process by certified mail, return receipt requested, by serving its registered agent for service, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

50.    Defendant, BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC., is a foreign corporation organized not registered with the Texas Secretary of State and may

be served with process by certified mail, return receipt requested, by serving by serving its registered agent for service, National Registered Agents, Inc., 145 Baker Street, Marion Ohio, 43302.

51. Defendant, THE FIRESTONE SYNTHETIC RUBBER & LATEX COMPANY, (hereinafter referred to as "Firestone") is a foreign corporation organized under the laws of the State of Ohio and may be served with process by certified mail, return receipt requested, by serving its registered agent for service, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

52. Defendant, BRIDGESTONE/FIRESTONE BENEFITS ADMINISTRATION is the Plan Administrator for Bridgestone/Firestone, Inc.'s retirement and benefits plan and may be served with process by certified mail, return receipt requested, at the Bridgestone/Firestone Benefits Administration office located at 1200 Firestone Parkway, Akron, Ohio 44317.

## IV.
## Nature of the Case

53. This is a suit to reinstate accrued and/or vested benefits under an ERISA plan, as well as under federal common law and Texas law for breach of contract, promissory estoppel, quantum meruit, fraud, fraudulent inducement, misrepresentation, negligent misrepresentation, and conspiracy to recover damages suffered by the Plaintiffs as a result of the Defendants' unilateral alteration of their rights.

## V.
## Liability Facts

54. The Plaintiffs are all retirees of one or more of the Defendants who previously worked at one or more Defendants' facilities in the Eastern District of Texas. The

Plaintiffs all worked for years at one or more of the Defendants' facilities, and were given vested rights under various contracts that they relied upon these rights, including health insurance premiums at a set cost, in their inducement into employment with one or more of the Defendants. The Plaintiffs complied with all the conditions entitling them to these rights, and currently live on fixed incomes after having left the employment of one or more of the Defendants after years of faithful employment.

55. On or about March 15, 1988 the Plaintiffs were designated as "retirees" entitled to participate in "a Health Maintenance Organization Plan or other group practice plan" pursuant to a "Pension and Insurance Agreement" executed and/or adopted by one or more of the Defendants; that agreement provided for a $12.00 contribution by the retiree, or $32.00 for the retiree and dependents. On or about March 23, 1990, the Plaintiffs were again designated as "retirees" entitled to participate in "a Health Maintenance Organization Plan or other group practice plan" pursuant to a "Pension, Insurance, and Savings Plan Agreement" executed and/or adopted by one or more of the Defendants; that agreement unilaterally, effective April 1, 1991, raised the monthly contribution to a $16.00 contribution by the retiree, or $42.00 for the retiree and dependents. On or about May 1, 2000, the Plaintiffs were again designated as "retirees" entitled to participate in "a Health Maintenance Organization Plan or other group practice plan" pursuant to a "Pension, Insurance, and Savings Plan Agreement" executed and/or adopted by one or more of the Defendants; that agreement unilaterally, effective March 8, 2001, raised the monthly contribution to a $29.00 contribution by the retiree, or $74.00 for the retiree and dependents. That agreement further unilaterally, effective March 8, 2002, raised the monthly contribution to a $31.00 contribution by the retiree, or $80.00 for the retiree and

dependents; then, unilaterally, effective March 8, 2003, raised the monthly contribution to a $33.00 contribution by the retiree, or $86.00 for the retiree and dependents. All of the foregoing agreements and/or contracts will hereinafter collectively be referred to as the "Contracts."

56. Then,     on March 5, 2004, one or more the Defendants executed another "Agreement" that included higher premiums for "employee" and "employee and dependent" combinations for health and other benefits, with a $60.00 contribution by the employee in April 1, 2004, and $125.00 for employee and dependents, the latter increasing to $160.00 by April 1, 2005.

57. On     March 17, 2004 one or more of the Defendants sent a letter to the Plaintiffs and other retirees announcing "medical plan changes" for "retired bargaining associates" "[a]s a result of the agreement entered into on the 8th day of March, 2004." This letter reiterated that for the Plaintiffs and other "retired bargaining associates" the deductible would increase effective April 1, 2004 from $225 to $300, the family deductible would increase from $675 per family to $900 per family, and the out-of-pocket stop-loss per individual would increase from $1,500 to $3,000, and per family from $3,000 to $6,000. The Plaintiffs, who did not participate or sign this "Agreement" unilaterally altering their rights, were apparently termed "bargaining *associates*" despite not having participated at all in these negotiations, let alone acquiesced to the unilateral alteration of their vested rights.

## VI.
### Federal Causes of Action - ERISA

58.     This cause of action arises, in part, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001-1461, as well as federal and Texas common law. Although the Plaintiffs are seeking to enforce federal and Texas common-law rights, out of an abundance of caution Plaintiffs alternatively herein assert their rights as former employees of Firestone to recover benefits Firestone previously promised under Firestone's benefits plan (hereinafter referred to as "Plan"), to enforce their rights under the terms of the Plan, and to clarify their rights to future benefits under the terms of the Plan as retirees. Plaintiffs assert, alternatively, their status as participants or beneficiaries, or potential participants or beneficiaries, under the Plan.

59.     Plaintiffs allege that the denial and/or alteration of Firestone retirement benefits and/or retirement-type subsidies is not only against the black-letter law of ERISA and 28 U.S.C. § 1054(g)(1), but also an abuse of discretion by Defendants and the administrators of the Firestone benefits plan and is unreasonable; in the alternative, denial of these benefits is arbitrary and capricious.

60.     Plaintiffs allege that the denial and/or alteration of Firestone retirement benefits and/or retirement-type subsidies is also against the black-letter law of ERISA and 29 U.S.C. § 1104(a)(1)(A) as a violation of the Defendants' fiduciary duties.

61.     Plaintiffs allege that the denial and/or alteration of Firestone retirement benefits and/or retirement-type subsidies is also against the black-letter law of ERISA and 29 U.S.C. § 1132(a)(1)(A)-(B) and 29 U.S.C. § 1132(a)(3) / (9).

62.     All of the foregoing acts and omissions on the part of the Defendants denying benefits, rights to Plaintiffs herein are the proximate and/or the producing cause of damages

suffered by Plaintiffs herein.  Plaintiffs pray for benefits due and owing and for future benefits in compliance with the Firestone benefits plan.

63.     Plaintiffs have requested from Defendants' supervisors on numerous occasions that they be provided with the same benefits as previously agreed, but to no avail.  Therefore, Plaintiffs state they have exhausted the administrative remedies and that to resort to the Plan's administrative review process would be futile.   Thus, Plaintiffs request this Honorable Court to waive the exhaustion of remedies requirement and allow Plaintiffs to pursue their Section 502(a) civil action set forth herein.

## VII.
### Texas And Federal Common-Law Causes Of Action

### A.     CONTRACT CAUSES OF ACTION

#### *Breach of Express Contract Under Texas and Federal Common Law*

64. The     preceding factual statements and allegations are incorporated herein by reference.   The Plaintiffs have performed all conditions precedent to the contract. Defendants breached the Contracts when they unilaterally terminated and/or altered the Plaintiffs' contractual rights under various "Contracts" in derogation of federal and Texas common law.  On or about March 17, 2004, the Defendants unilaterally altered the Plaintiffs' vested, contractual rights and breached the various "Contracts" by altering the premiums, benefits, deductibles, and stop losses previously vested in the Plaintiffs. Plaintiffs seek attorney's fees and court costs consistent with federal and Texas common law, and the total amount of attorney's fees remains unliquidated at this particular time.

65. As a foreseeable result of the Defendants' failure to perform as promised, the Plaintiffs sustained other losses as a result of the denial of the security of the previously vested rights, including additional premiums, medical bills, mental anguish and emotional distress—all of which were foreseeable by the Defendants who unilaterally increased vested premiums and decreased benefits to those on fixed incomes. Accordingly, the Plaintiffs are entitled to judgment against the Defendants for these additional damages to compensate the Plaintiffs for these consequential losses. Additionally, the Plaintiffs seek presently unliquidated attorney's fees pursuant to Texas Civil Practices and Remedies Code § 38.001 and federal common law.

### Breach of Oral Contract Under Texas and Federal Common Law

66. The preceding factual statements and allegations are incorporated herein by reference. The Plaintiffs have performed all conditions precedent to the contract.

67. On March 15, 1988, March 23, 1990, March 7/8, 1993, and May 1, 2000 the Defendants orally agreed that the Plaintiffs, in return for, *inter alia*, the Plaintiffs' agreement to employment, prior employment, and various other consideration, would acquire contractual rights including, *inter alia*, set benefits and premiums that, at the very least, could not be unilaterally altered without their permission.

68. As a foreseeable result of the Defendants' failure to perform as promised, the Plaintiffs sustained other losses as a result of the denial of the security of the previously vested rights, including mental anguish and emotional distress—all of which were foreseeable by the Defendants who unilaterally increased vested premiums and decreased benefits to those on fixed incomes. Accordingly, the Plaintiffs are entitled to judgment against the Defendants for these additional damages to compensate the Plaintiffs for these

consequential losses. Additionally, the Plaintiffs seek presently unliquidated attorney's fees pursuant to Texas Civil Practices and Remedies Code § 38.001 and federal common law.

### *Breach of Implied-In-Fact Contract Under Texas and Federal Common Law*

69.    The preceding factual statements and allegations are incorporated herein by reference. The Plaintiffs have performed all conditions precedent to the contract.

70.    The Plaintiffs and Defendants have, as established by their own conduct, agreed on March 15, 1988, March 23, 1990, March 7/8, 1993, and May 1, 2000 the Plaintiffs, in return for, *inter alia,* the Plaintiffs' agreement to employment, their prior employment, early retirement, retirement, other concessions, and/or various other consideration, would acquire contractual rights including, *inter alia,* set benefits and premiums that, at the very least, could not be unilaterally altered without their permission.

71.    As a foreseeable result of the Defendants' failure to perform as promised, the Plaintiffs sustained other losses as a result of the denial of the security of the previously vested rights, including mental anguish and emotional distress—all of which were foreseeable by the Defendants who unilaterally increased vested premiums and decreased benefits to those on fixed incomes. Accordingly, the Plaintiffs are entitled to judgment against the Defendants for these additional damages to compensate the Plaintiffs for these consequential losses. Additionally, the Plaintiffs seek presently unliquidated attorney's fees pursuant to Texas Civil Practices and Remedies Code § 38.001 and federal common law.

### B.    FRAUD CAUSES OF ACTION UNDER TEXAS AND FEDERAL COMMON LAW

### *Common-Law Fraud / Fraud In the Inducement Under Texas and Federal Common Law*

72.    The preceding factual statements and allegations are incorporated herein by reference. The Plaintiffs have performed all conditions precedent to the contract.

17

73.     In an effort to induce the Plaintiffs and others to retire and/or agree to other concessions and/or employment, the Defendants committed fraud and fraud-in-the inducement under Texas and federal common law.

74.     At the time, the Defendants knowingly made false representations as to material facts or knowingly concealed all or part of material information from the Plaintiffs with the intent of inducing the Plaintiffs to enter into, acquiesce to, or not object to the March 15, 1988, March 23, 1990, March 7/8, 1993, and May 1, 2000 contracts—even though for one or more of the contracts some were not even participants or signatories.

75.     The Defendants knowingly made the following false representations:

a.      That the Plaintiffs would receive insurance and other benefits at set premiums in exchange for their years of employment, retirement, and/or other concessions;

b.      That the Defendants would act as fiduciaries of their interests in the maintenance of these plans and/or contracts and would not act arbitrarily or capriciously;

c.      That the Plaintiffs and/or their dependents and/or families would receive insurance and/or benefits for retirement;

d.      That the Plaintiffs were "retired bargaining associates" who participated in the negotiated changes of the amounts when, in fact, they were not participants at all.

e.      That the Defendants would provide insurance and other benefits at a cost affordable to retirees on fixed incomes in exchange for their years of

employment, the employment itself, and/or other concessions or consideration.

76.     Plaintiffs further allege that each and every one of the representations set forth above concerned material facts for the reason that Plaintiffs would not have agreed to retirement and/or prior amounts (assuming they are deemed contractual) had they known the falsity of any of these representations.  Specifically, the Defendants induced the Plaintiffs to consent to employment, retirement, and/or other concessions or consideration had they known the falsity of these representations and that the Defendants would unilaterally, and repeatedly, increase by over three-fold the monthly premiums while decreasing dramatically the coverage and benefits..  Each and every one of these representations was relied upon by the Plaintiffs to their substantial injury and damage as described more fully below.

77.     By reason of the Plaintiffs' reliance on the Defendants' representations described above, Plaintiffs have been damaged in an amount within the jurisdictional limits of this Honorable Court.

78.     Plaintiffs further allege that because Defendants knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of punitive/exemplary damages.  In this connection, Plaintiffs will show that they incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action.  Accordingly, Plaintiffs respectfully request that exemplary damages and attorney's fees be awarded against the Defendants in a sum within the jurisdictional limits of this Honorable Court.

**Conspiracy to Commit Fraud**

79.     Plaintiffs herein further allege a common law claim against all Defendants for fraud and conspiracy to commit fraud.

80.     Plaintiffs contend that Defendants entered into an agreement whereby one or more of the Defendants would entice the Plaintiffs into employment, retirement, and/or concessions or other consideration in exchange for the promise to provide reasonable insurance and other benefits to retirees on fixed incomes, while Defendant Bridgestone Americas Holding, Inc. would unilaterally increase the premiums and decrease the benefits claiming the Plaintiffs participated in negotiations as "associates" when they did not. As a proximate result of this conspiracy to deprive Plaintiffs of their benefits and vested rights, Plaintiffs have suffered damages that amount to loss of retirement benefits and medical health care in addition to other benefits that Firestone employees receive.

81.     Plaintiffs did, in fact, reasonably rely upon the false representations made by Defendants and accepted employment and/or retirement and/or other concessions or consideration.

**Negligent / Reckless Misrepresentations.**

82.     In the alternative, Plaintiffs allege that Defendants negligently made the following misrepresentations:

83.     The Defendants negligently and/or recklessly made the following false representations:

    a.      That the Plaintiffs would receive insurance and other benefits at set
            premiums in exchange for their years of employment, retirement, and/or
            other concessions;

b.     That the Defendants would act as fiduciaries of their interests in the maintenance of these plans and/or contracts and would not act arbitrarily or capriciously;

c.     That the Plaintiffs and/or their dependents and/or families would receive insurance and/or benefits for retirement;

d.     That the Plaintiffs were "retired bargaining associates" who participated in the negotiated changes of the amounts when, in fact, they were not participants at all in certain negotiations.

e.     That the Defendants would provide insurance and other benefits at a cost affordable to retirees on fixed incomes in exchange for their years of employment, the employment itself, and/or other concessions or consideration.

## C.     Quantum Meruit

84.     The preceding factual statements and allegations are incorporated herein by reference. The Plaintiffs have performed all conditions precedent to the contract.

85.     The Plaintiffs have provided the Defendants with years of faithful employment, accepted lower wages as a result of the promised benefits and set premiums, and made other, significant concessions and/or consideration.  As a direct result of the Plaintiffs' actions above, a benefit was conferred on the Defendants in that the Defendants acquired the Plaintiffs' faithful employment, paid less for same, and acquired other consideration.  The Defendants have accepted these benefits but have refused to pay for them. The Defendants will be unjustly enriched in the amount claimed by the Plaintiffs if allowed to retain these

benefits conferred on them without payment for the reasonable value of the services provided by the Plaintiffs to the Defendants described above.

86.     As a result of the Defendants' nonpayment, the Plaintiffs have been damaged and are entitled to recover the reasonable value of the benefits conferred upon the Defendants.

**D.      Promissory Estoppel**

87.     The preceding factual statements and allegations are incorporated herein by reference. The Plaintiffs have performed all conditions precedent to the contract.

88.     Defendants' actions also constituted promises that were intended to be relied upon—and – were reasonably relied upon—by the Plaintiffs. Plaintiffs sue for actual damages for the difference between the original premiums and the originally bargained-for amount that vested as a right.

89.     As a result of the Defendants' nonpayment, the Plaintiffs have been damaged and are entitled to recover the reasonable value of the benefits conferred upon the Defendants.

### VII. Prayer for Relief

90.     Plaintiffs respectfully incorporate paragraphs one (1) through forty (89) above and would further show this Honorable Court as follows:

91.     By reason of the Defendants' acts described herein and others to be shown at trial, the Plaintiffs respectfully pray for the following relief:

> a)      Special damages according to proof;
>
> b)      Consequential damages according to proof;
>
> c)      General damages according to proof;

d)    Injunctive relief pursuant to Title 15 U.S.C. § 1132 including, *inter alia*, an order setting the Plaintiffs monthly premiums to the previously-agreed upon, vested amounts and prohibiting the further, future arbitrary or capricious unilateral alteration of same;

e)    Based upon the willful and/or malicious intent of the Defendants outlined above, exemplary and/or punitive damages, costs of court, and attorney's fees pursuant to Texas and federal common law;

f)    For punitive and exemplary damages due and awardable pursuant to the actions of Defendants described above, including fraud and deceit, wanton and reckless acts of commission and omission, and outrageous and malicious conduct, in an amount in favor of each Plaintiff, as a multiple of each Plaintiffs' compensatory damages, all totaled to an amount sufficient to punish said Defendants so as to deter them and others like them from similar wrongdoing;

g)    Pursuant to Title 29 § 1132(g), the unpaid contributions, interest thereon, liquidated damages, reasonable attorney's fees, costs, and such other equitable relief as the court deems appropriate;

h)    Prejudgment and post-judgment interest pursuant to both Texas and federal statutory and common law;

i)    Plaintiffs' attorney fees and costs of suit incurred herein pursuant to Texas Civil Practice & Remedies Code § 38, Title 15 U.S.C. § 1132, and Texas and federal common law;

j)    Such further legal and equitable relief as this court may deem proper.

**WHEREFORE**, Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon a final hearing, Plaintiffs have and recover from the Defendants for all damages as set forth herein, costs of Court, both pre-judgment and post-judgment interest at the legal rate allowed by law and all damages, injunctive relief as specified above, and for such and other relief, general or special, legal or equitable, to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P. O. Box 4905
Beaumont, Texas  77704
(409)835-6000 - telephone
(409)813-8641 - facsimile

By: _____
    **Mark Sparks**
    State Bar No.24000273
    **Scott C. Kinsel**
    State Bar No.24038662
**ATTORNEYS FOR PLAINTIFFS**


## JURY DEMAND

Plaintiffs respectfully demand a trial by jury, and tender the appropriate fee.

_____
Mark Sparks